YELVERTON, Judge.
William Cormier, the defendant, was convicted of distribution of marijuana, a violation of La.R.S. 40:966 A, and sentenced to serve 10 years with the Department of Corrections, the maximum incarceration for that offense. Defendant contends that his sentence is excessive.
The distribution occurred when Theresa Richard, an undercover Lafayette City Police Officer, went to the area of the Red Top Lounge and Cormier approached her car. She asked him if he knew where she could get “some weed”, and he sold her five joints or hand rolled marijuana cigarettes, a quantity he later explained was all he had on him at the time.
In handing down the maximum sentence, the sentencing court relied on a presen-tence investigation report, and particularly on the defendant’s criminal record which included two prior felony convictions. The presentence investigation report and the comments of the sentencing judge together reveal that defendant was 40 years old at the time of the present conviction, that he was not married and had no dependents, that his job record is poor, and that he has engaged in repeated criminal activity. One of the earlier felonies was a Texas crime involving violence. The trial court found and declared that defendant was definitely in need of correctional treatment, and that a lesser sentence than the maximum would deprecate the seriousness of his crime and his previous conduct. The trial court ordered that the sentence run concurrent with any other sentence that the defendant might have been serving at that time.
On this appeal, defendant contends that the trial court did not give sufficient consideration to the factors that defendant was uneducated (having only an 11th grade education), that he had poor job prospects in view of the condition of the economy, that his conduct was therefore somewhat justified, and that the quantity of marijuana sold was small.
A review of the judge’s reasons for sentencing and the presentence investigation report convinces us that the sentence, though maximum, is not excessive and not violative of Louisiana Constitution 1974, Art. 1, Sec. 20. Since the facts of the case and defendant’s criminal record speak so strongly in favor of the trial court’s proper exercise of discretion in particularizing this sentence to this defendant, we find it unnecessary to review the well known and repetitive jurisprudence relative to exces-siveness of sentence.
AFFIRMED.